Daxiel,
 
 J.
 

 The defendants proved, that William Ross, the supposed intestate, was alive at February Sessions 1835, of Bertie County Court, and long thereafter. This evidence was offered to show, that the County Court had then no power or jurisdiction to grant letters of administration on the estate of Ross, or to take the bond for the State, which is now sued on. The Court was of opinion that this evidence was improperly admitted, and disregarded it. The reasons that induced his Honor to come to this opinion, are not stated in the case. It seems to us, however, that the evidence was very proper and legal. The Court of Pleas and Quarter Sessions of the County, where the intestate had his usual residence at the time of his
 
 death,
 
 had power and jurisdiction to grant letters of administration, and take bond, &c.
 
 Rev Stat. 272.
 
 If the County Court of Bertie took the defendant’s bond for the faithful administration of the personal estate of William Ross, when he was alive,
 
 it
 
 was done without au-
 
 *118
 
 tborityv They were not the, agents for the State to take such a bond, and the defendants might well show the same in evidence under the general issue. If the defendants be precluded from showing that one William Ross had died intestate, it would yet remain for the relator, to show that her father was the William Ross ; since to that person in particular is she one of the next of kin. The bond given only recites that a certain William Ross was dead, and does not specify that he was the relator’s father; and therefore the defendants could surely show, that he was not, and that her father was in fact living.
 

 • We think, that the judgment must be reversed, and a judgment of non-suit entered.
 

 Per Curiam, ' Judgment reversed. .